IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-00553-MOC-DSK

| | | |
|---|---|---|
| BAKER & TAYLOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | AMENDED |
| | ) | CONSENT CONFIDENTIALITY |
| v. | ) | AGREEMENT AND |
| | ) | PROTECTIVE ORDER |
| COLLEGE BOOK RENTAL COMPANY, LLC, | ) | |
| CHARLES JONES, and DAVID GRIFFIN, | ) | |
| | ) | |
| Defendants. | ) | |

The parties hereby stipulate and agree that this Consent Confidentiality Agreement and Protective Order ("Order") is being entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Action,[1] including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, affidavits, declarations, or otherwise, by any party or third-party to the Action (the "Supplying Party") to any other party or parties to the Action (the "Receiving Party").

2. This Order is binding upon the parties to the Action, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, directors, joint venturers, and employees as set forth in this Order. This Order is also binding on any party who obtains any documents or other Confidential

---

[1] "Action" includes the consolidated actions pending before this Court, Case Nos. 3:12-CV-553 and 3:13-CV-107.

1

Information produced or disclosed in the Action pursuant to this Protective Order, including those parties' respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, directors, joint venturers, and employees as set forth in this Order.

3. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

4. The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule 26(c) or other applicable court rule, law, or legal principle.

5. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

6. The Receiving Party may not disclose to anyone any information or document produced by any Supplying Party that constitutes confidential information as defined herein, except as specifically set forth herein.

7. The designation "Confidential Information" shall be made by either affixing on the document or material containing such information words equivalent to the following: "CONFIDENTIAL," or by designating by written notice the materials sought to be protected as confidential by this Order.

8. In the event that a Supplying Party makes documents or materials available for inspection, rather than delivering copies to another party, no marking or redactions need be made in advance of the initial inspection. For purpose of initial inspection, all documents made available for inspection shall be considered as marked "Confidential" with appropriate redactions. Upon production of the inspected documents, the Supplying Party shall designate

which of the produced or copied documents and materials are or contain Confidential Information pursuant to Paragraph 7 of this Order.

9. All Confidential materials obtained in the Action shall be used solely for the purpose of the prosecution or defense of the claims within the Action, or preparation for the trial thereof and shall not be disseminated outside the Action.

10. The Parties shall limit access to and disclosure of Confidential materials to only those entitled to access within the Action, provided that the Party first notifies such person or entity of the confidential nature of the materials and such person or entity agrees to keep the materials confidential in accordance with the terms of this Order. To the extent a Party seeks to disclose Confidential materials to an individual or entity as provided in paragraphs 12(e), (f) and (g) of this Order, the individual or entity receiving such Confidential materials shall execute the form identified as Attachment A hereto and deliver a copy of the executed form to the Party seeking to disclose the Confidential materials prior to disclosure of the Confidential materials. That Party must keep a copy of the person's or entity's Attachment A, which will not be discoverable absent good cause shown.

11. No person or entity obtaining access to Confidential materials pursuant to this Order shall divulge the contents thereof to anyone other than the persons or entities entitled to access within the Action.

12. The Parties and any party, person or entity receiving Confidential materials shall limit access to and disclosure of Confidential materials to only the following persons or entities provided that the one disclosing first notifies such persons or entities of the confidential nature of the materials and such persons or entities agrees to keep the materials confidential in accordance with the terms of this Order:

a. the parties and any counsel representing the parties;

b. its employees, including stenographic and clerical personnel, whose advice, consultation or assistance are being or will be used by such Party in connection with the prosecution or defense of the Action, or its preparation for trial;

c. the Court, and those employed by the Court, in which event the Confidential materials shall be filed under seal consistent with this Order, and kept under seal until further order of the Court;

d. court reporters who record depositions or other testimony in the Action;

e. outside experts, consultants, contractors, witnesses or potential witnesses, including their stenographic and clerical personnel, whose advice, consultation, services, or testimony are being or will be used by such party in connection with the prosecution or defense of the Action, or their preparation for trial;

f. a deponent and the deponent's counsel, but only during the course of the deposition, or to the extent reasonably necessary in the preparation for such deposition; and

g. any other person or entity upon order of the Court, or upon stipulation of the parties.

13. If any party objects to the designation of portions of the items of evidence as Confidential materials, that Party shall state the objections and reasons therefore by letter to counsel for all parties. Upon written notification that a Party disagrees with a document's confidentiality designation, that party's counsel shall meet and confer with counsel for the other

parties in an effort to resolve the dispute without Court intervention. If the parties do not agree to change the designation, then the party objecting to the designation may make a motion seeking a Court order that such materials should be given a lesser degree of protection (or no protection) under this Order. Until the Court rules on any such motion, and until any and all proceedings and interlocutory appeals challenging such decision have been concluded, the Confidential materials shall continue to be treated as Confidential materials under the terms of this Order.

14. A producing party that inadvertently fails to mark Confidential materials as such at the time of the production shall promptly notify each receiving party upon discovery of the inadvertent production.

15. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

16. In the case of depositions upon oral examination, if counsel for a party has a reasonable and good faith belief that any question or answer contains or refers to Confidential materials, counsel shall so state on the record, and shall request that all pages that include such Confidential materials be marked as containing Confidential materials. When testimony designated as containing Confidential materials is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition. Transcripts containing testimony or exhibits designated as containing Confidential materials shall be marked by the court reporter, prior to transcript distribution, with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIALS," and shall be treated in accordance with the provisions of this Order. In addition to designating during the deposition any question or answer as containing Confidential materials, at any time within fifteen (15)

business days of receiving the deposition transcript from the court reporter, counsel may designate any portion of the deposition transcript as containing Confidential materials. Notice of such designation shall be made in writing to the court reporter, with copies to all counsel in the Action, specifying the portion(s) of the transcript and exhibits that constitute or contain Confidential materials. Counsel receiving such a written designation shall be responsible for exercising their best efforts to ensure the Confidential materials so designated are not disclosed to persons not entitled to receive such information under the terms of this Order. Until expiration of the fifteen (15) business day period described above, all deposition transcripts shall be considered and treated as though containing Confidential materials, unless otherwise agreed on the record at the deposition.

17. Nothing in this Order shall require production of document(s), information, or other thing(s) that counsel for a Party or a non-party or third-party contend is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or protection. This shall not preclude any other Party from moving the Court for an order directing the disclosure of such material.

18. After final termination of the Action as to any Party, that Party, through its counsel, shall return all Confidential materials, and any copies thereof, to counsel for each respective producing party, or shall certify in writing to counsel for each respective producing party the destruction of such Confidential materials. "Final termination" shall be construed as the date sixty (60) days following the entry of a final, non-appealable order disposing of, or clerical entry of a voluntary dismissal with prejudice of, the Action as to any terminated Party.

19. All counsel for all Parties shall, at all times, keep secure all notes, abstractions, or other work product derived from or containing Confidential materials; shall take reasonable

measures to keep secure and maintain the confidentiality of such work-product; and shall not disclose the contents of said notes, abstractions or other work-product after the document(s), information, or other thing(s), or portions thereof, have been returned or destroyed.

20. If any person receiving documents covered by this Order (the "Receiver") is subpoenaed or receives other compulsory process in another action or proceeding or is served with a litigation-related document demand, and such subpoena, process, or document demand seeks material which was produced or designated as Confidential by someone other than the Receiver, the Receiver shall (i) give written notice by e-mail, hand, or facsimile transmission within three (3) business days of receipt of such subpoena, process, or document demand to those who produced or designated the information Confidential and (ii) refrain from producing any material that has been designated Confidential in response to such a subpoena, process, or document demand until the earlier of (a) receipt of written notice from the Supplying Party that such party does not object to production of the designated material, or (b) resolution of any objection asserted by the Supplying Party either by agreement or by final order of the Court with jurisdiction over the objection of the Supplying Party; <u>provided</u>, however, that the burden of opposing the enforcement of the subpoena, process, or document demand shall fall solely upon the party who produced or designated the Confidential information, and unless the party who produced or designated the Confidential information submits a timely objection seeking an order that the subpoena, process, or document demand not be complied with, and serves such objection upon the Receiver prior to production pursuant to the subpoena, process, or document demand, the Receiver shall be permitted without violating this Order to produce documents responsive to the subpoena, process, or document demand on the response date. Compliance by the Receiver with any order directing production pursuant to the subpoena, process, or document demand of

any Confidential information shall not constitute a violation of this Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order directing production of Confidential information covered by this Order, or to subject himself or itself to any penalties for non-compliance with a legal process or order, or to seek any relief from this Court.

21. This Order may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

22. This Order shall survive the final termination of the Action and shall continue in full force and effect until such time as the Parties formally agree in writing to the contrary.

23. This Order shall be binding upon all future Parties to the Action and each such new Party shall execute a copy of this Order. Any such new Party shall fully bear the burdens and enjoy the benefits of this Order.

24. Any terminated Party, and its counsel, shall remain bound by this Order and shall continue to enjoy every protection afforded by it.

25. Any notice required by this Order shall be provided by mailing notice to the attorney of record in this Action for the Party to whom notice is directed. Unless otherwise expressly provided herein, the Federal Rules of Civil Procedure shall govern the service by any Party to this Order of any notice required herein.

26. Any Party may petition the Court for a modification of the terms of this Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Order, notwithstanding the final termination or conclusion of this action.

27. All rights available at law are reserved for any violation of this Order.

## Non-Waiver and Clawback

28. The production of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the attorney work product doctrine ("Protected Information"), for that document or for the subject matter of the disclosed document. The producing party shall not be required to prove that the production was inadvertent, that it took reasonable steps to prevent disclosure, that it took reasonable steps to rectify the error, or that it acted promptly to provide notice of or otherwise rectify the disclosure. Moreover, the mere production of Protected Information without further use of that Protected Information in testimony, at trial, or on any motion other than a motion to compel shall not be deemed "intentional" pursuant to Federal Rule of Evidence 502(a)(1).

29. A party may seek the return and/or destruction of any document, including summaries or copies thereof, produced in this action that the party later claims in good faith should have been withheld on the grounds of privilege or the work product doctrine by identifying the document within ten (10) business days of discovery of the production ("Notice of Recall"). Mere production of documents protected by the attorney-client privilege or work product protection is insufficient "notice" of production by the producing party and does not trigger a Notice of Recall. The Notice of Recall should provide at least the same information about the document being recalled as would appear on a privilege log.

30. Upon receiving the Notice of Recall, a receiving party shall return all such information, including all copies, to the supplying party within five (5) business days. Electronic copies of recalled documents shall be removed from the receiving party's electronic systems or review databases, to the extent reasonably possible. The receiving party also shall be responsible

for obtaining all copies of recalled documents, including those disseminated to others (within and outside the party's organization, if applicable), and certify in writing to the producing party that all copies and portions thereof have been returned to the party. In the event that the producing party requests destruction of recalled documents, the receiving party shall provide written certification of compliance within thirty (30) days of such written request. The receiving party's compliance with the Notice of Recall shall not be deemed to as the receiving party's agreement that the recalled documents are subject to any applicable privilege, nor as waiver of the receiving party's right to move to compel the production of the recalled documents consistent with this Order and the Rules of Civil Procedure.

31. Notwithstanding the foregoing, nothing in this Order shall prevent any party from challenging a privilege claim with respect to any materials designated as privileged by any other party. In the event that the receiving party disputes the producing party's claim as to the protected nature of the disclosed material, a requesting party may seek Court determination of the issue. The producing party retains the burden of establishing the privileged or protected nature of the produced Protected Information.

32. Where a party who received Protected Information becomes aware of such, the party shall promptly notify the producing party of such production and shall take reasonable steps to avoid further disclosure of Protected Information. A party shall be entitled to rely on these non-waiver provisions regardless of when the disclosure is discovered and regardless of who discovers the disclosure.

33. This Order shall not be used to require a producing party to disclose Protected Information without the opportunity to review such information prior to production.

CONSENTED TO BY:

TROUTMAN SANDERS, LLP

/s/ D. Martin Warf
D. Martin Warf
P.O. Drawer 1389
Raleigh, NC 27602
Telephone: (919) 835-4117
Facsimile: (919) 829-8714
*martin.warf@troutmansanders.com*

      -and-

Stephen G. Rinehart
Troutman Sanders, LLP
405 Lexington Ave.
New York, NY 10174
Telephone: (212) 704-6305
Facsimile: (212) 704-5957
*stephen.rinehart@troutmansanders.com*

*Attorneys for Plaintiff*

THE CHAGARIS LAW FIRM, PA

/s/ Christopher G. Chagaris
Christopher G. Chagaris
PO Box 1408
Davidson, NC 28036
Telephone: 704-894-9672
*chris.chagaris@att.net*

*Attorney for Defendant Charles Jones*

RAYBURN COOPER & DURHAM, P.A.

/s/ James B. Gatehouse
James B. Gatehouse
N.C. State Bar No. 22811
Ross R. Fulton
N.C. State Bar No. 31538
227 West Trade Street, Suite 1200
Charlotte, NC 28202
Telephone: (704) 334-0891
Facsimile: (704) 377-1897
*jgatehouse@rcdlaw.net*
*rfulton@rcdlaw.net*

    -and-

William L. Campbell, Jr.
Joseph A. Kelly
FROST BROWN TODD
150 3rd Avenue South, Suite 1900
Nashville, TN 37201

*Attorneys for Defendant David Griffin*

ORDERED BY:

Signed: September 24,

David C. Keesler
United States Magistrate Judge

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-00553-MOC-DSK

| | |
|---|---|
| BAKER & TAYLOR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) ACKNOWLEDGMENT AND |
| v. | ) AGREEMENT TO BE BOUND |
| | ) |
| COLLEGE BOOK RENTAL COMPANY, LLC, | ) |
| CHARLES JONES, and DAVID GRIFFIN, | ) |
| | ) |
| Defendants. | ) |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name:

Job Title:

Employer:

Business
Address:


Date: _____

Signature