# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-553-MOC-DCK

| | |
|---|---|
| BAKER & TAYLOR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| COLLEGE BOOK RENTAL COMPANY, LLC, | ) |
| CHARLES JONES, and DAVID GRIFFIN, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant David Griffin's Motion To Compel Discovery Responses From Defendant Charles Jones" (Document No. 57). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for review. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> Defendant Griffin's motion.

## I. BACKGROUND

Plaintiff Baker & Taylor, Inc. ("Plaintiff" or "B&T") filed its "Complaint" (Document No. 1) against College Book Rental Company, LLC ("CBR"), Charles Jones ("Jones"), and David Griffin ("Griffin") (collectively "Defendants") on August 24, 2012. The Complaint asserts that Defendant CBR owes Plaintiff "19,437,734.73 for Books CBR ordered, received, and accepted from Baker & Taylor, but for which CBR did not remit payment to Baker & Taylor." (Document No. 1, p.5). The Complaint further asserts that "Jones and Griffin each guaranteed payment of all obligations of CBR to Baker & Taylor by executing personal guaranties." (Document No. 1, p.3).

"Defendant David Griffin's Motion To Compel Discovery Responses From Defendant Charles Jones" (Document No. 57) was filed on August 20, 2013. The motion contends that Defendant Jones was served with Griffin's First Set of Interrogatories and Requests for Production of Documents on May 31, 2013. (Document No. 57, p.1). Jones received an extension of time to serve responses by August 2, 2013, but purportedly failed to make any response by that deadline. Id. Griffin asserts that Jones finally served "late, incomplete and evasive responses" on August 7, 2013. (Document No. 57, p.2). "…Griffin's Motion To Compel…" seeks: (1) sanctions pursuant to Rule 37(a)(5); (2) full responses to Interrogatory Nos. 4, 6, 7 and 11, and Request for Production No. 7; and (3) the production of "responsive documents and privilege log of any responsive documents withheld by Jones." (Document No. 57, p.3).

"Defendant Charles Jones's Response to Defendant David Griffin's Motion to Compel" (Document No. 61) was filed on September 9, 2013, three (3) days after it was due. "Defendant Charles Jones's Response…" consists of a one sentence reference to the attached "Affidavit Of Charles A. Jones" (Document No. 61-1). Jones' "Affidavit…" asserts that he has "produced an extensive number of documents" in other litigation and that he is "unaware of any other responsive documents in [his] custody." (Document No. 61-1, p.2). The Jones "…Response…" (Document No. 61) and its attachments fail to make any reference to any of the specific discovery requests in "…Griffin's Motion To Compel…" (Document No. 57). The Jones "…Response…" also fails to present any legal authority supporting the suggestion that Defendant Jones' discovery production in other litigation relieves him of his responsibility to participate fully in the discovery required by this Court. See (Document Nos. 61, 61-1).

The "Reply of Defendant David Griffin's In Support Of Motion to Compel Discovery From Cross-Defendant Charles Jones" (Document No. 62) was timely filed on September 13, 2013. Griffin's "Reply…" essentially contends that the Jones' "…Response…" affirms that Jones is refusing to participate in discovery in this case, and argues that sanctions are appropriate.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A). Likewise, if a motion is denied, the Court may award reasonable expenses, including attorney's fees, to the party opposing the motion. Fed.R.Civ.P. 37(a)(5)(B).

### III. DISCUSSION

As noted above, "Defendant Charles Jones's Response…" (Document No. 61) offers little, if any, information that is helpful to the Court in deciding Griffin's pending "…Motion To Compel…" (Document No. 57). In particular, Jones declines to include *any* argument about, or even reference to, the discovery Griffin now seeks, most specifically, full responses to Interrogatory Nos. 4, 6, 7 and 11, and Request for Production No. 7.

After careful review of the parties' submissions, the undersigned finds that "Defendant Charles Jones's Response…" (Document No. 61) is inadequate and compels a decision granting Defendant Griffin the relief he seeks.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant David Griffin's Motion To Compel Discovery Responses From Defendant Charles Jones" (Document No. 57) is **GRANTED**. Defendant Jones shall fully respond to Interrogatory Nos. 4, 6, 7 and 11, and Request for Production No. 7, on or before **October 30, 3013**.

**IT IS FURTHER ORDERED** that Defendant Jones shall reimburse Defendant Griffin for the reasonable expenses associated with filing Document Nos. 57, 58, and 62, on or before **November 1, 2013**. The parties are directed to attempt to resolve the issue of appropriate

reimbursement without further Court intervention; however, if the parties' good faith efforts fail, Defendant Griffin may file a motion supported by an affidavit detailing the reasonable expenses being requested.

**SO ORDERED**.

Signed: October 16, 2013

David C. Keesler
United States Magistrate Judge