# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-553-MOC-DCK

| | |
|---|---|
| BAKER & TAYLOR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| COLLEGE BOOK RENTAL COMPANY, LLC, | ) |
| CHARLES JONES, and DAVID GRIFFIN, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff Baker & Taylor's Motion To Compel Production From Defendant David Griffin" (Document No. 81). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for review. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## I. BACKGROUND

Plaintiff Baker & Taylor, Inc. ("Plaintiff" or "B&T") filed its "Complaint" (Document No. 1) against College Book Rental Company, LLC ("CBR"), Charles Jones ("Jones"), and David Griffin ("Griffin") (collectively "Defendants") on August 24, 2012. The Complaint asserts that Defendant CBR owes Plaintiff "$19,437,734.73 for Books CBR ordered, received, and accepted from Baker & Taylor, but for which CBR did not remit payment to Baker & Taylor." (Document No. 1, p.5). The Complaint further asserts that "Jones and Griffin each guaranteed payment of all obligations of CBR to Baker & Taylor by executing personal guaranties." (Document No. 1, p.3).

On December 19, 2013, the Court granted the parties' "Joint Motion To Amend The Pretrial Order And Case Management Plan" (Document No. 79), with modification. (Document No. 80). The current deadlines in this matter are as follows: discovery – March 28, 2014; mediation – April 4, 2014; motions – April 11, 2014; and trial October 6, 2014. Id.

"Plaintiff Baker & Taylor's Motion To Compel Production From Defendant David Griffin" (Document No. 81) was filed on January 25, 2014. As of January 25, 2014, Plaintiff sought an Order compelling the production of five (5) categories of information. (Document No. 81, pp.1-2; Document No. 82, pp.1-2). "Defendant David Griffin's Response In Opposition…" (Document No. 84) was timely filed on February 13, 2014. On February 24, 2014, Plaintiff's "Reply In Support …" (Document No. 89) was filed. Plaintiff's "Reply…" indicates that the motion to compel has been narrowed to two (2) specific requests. (Document No. 89, p.11). Plaintiff now seeks an Order compelling Defendant Griffin to:

> (1) identify all records within his possession, custody or control, which may contain documents responsive to B&T's Document Requests, including the records of CBR, SEB [non-party SE Book Company, LLC], and their successors and affiliates;
>
> (2) search for and produce all documents, including but not limited to ESI, responsive to the Document Requests, using a set of search terms and custodians to be supplied by B&T following Griffin's aforementioned disclosure of records

Id.

On February 26, 2014, Defendant Griffin filed a "Motion For Leave To File Surreply In Opposition To New Arguments Raised In Plaintiff's Reply In Support Of Motion To Compel Against David Griffin" (Document No. 90). Plaintiff's "Response In Opposition To Motion For Leave To File A Surreply" (Document No. 91) was filed February 27, 2014.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A). Likewise, if a motion is denied, the Court may award reasonable expenses, including attorney's fees, to the party opposing the motion. Fed.R.Civ.P. 37(a)(5)(B).

## III. DISCUSSION

Although there may very well be merit to Plaintiff's pending motion to compel, under the circumstances the undersigned will deny the motion, without prejudice to re-file. First, it appears to the undersigned that several of the items in contention when the motion was filed have since been resolved. Second, the undersigned finds that what remains of Plaintiff's pending request is vague. In short, it is unclear whether Plaintiff's motion is alleging that all of Griffin's responses to Plaintiff's forty-one (41) Document Requests are deficient, or only a few. See (Document No. 83-5). Finally, the issue of what discovery remains to be produced also seems to be clouded by Griffin's stated intention to "produce all non-privileged, responsive documents" to several of Plaintiff's requests, but apparent failure, to date, to produce documents responding to those requests. See (Document No. 82, p.8; Document No. 83-5).

In response to the pending motion, Griffin asserts that he "has produced the documents in his possession, custody, or control and undertook reasonable efforts to search for responsive documents." (Document No. 84, pp.2, 6, 7). Griffin also explains why he has refused to respond to certain requests. (Document No. 84, pp.4-5). After careful review of Plaintiff's motion the undersigned is inclined to agree with Griffin's assessment that it is unclear what Plaintiff is asking the Court to do. Defendant Griffin notes as follows:

> B&T concedes that Griffin responded to thirty-one of the document requests (Nos. 1, 2, 4-9, 11, 12, 14, 15-24, 26-32, 37-39) by stating that he would produce non-privileged, responsive documents. (Doc. No. 82 at 8). For some reason, B&T includes those requests in its Motion, along with two other requests (Nos. 40 & 41) to which Griffin responded by stating that he "does not possess" any responsive documents. Griffin is not certain what B&T is asking the Court to do with respect to those document requests. Based on the arguments presented by B&T and given that Griffin stated he would produce or does not have documents responsive to thirty-six of the requests, it appears that B&T is

4

seeking Court action on only five of the forty-one document requests.

(Document No. 84, p.4).

In reply, Plaintiff for the first time articulates arguments for why Griffin should be compelled to respond to specific discovery requests -- Document Request Nos. 3, 10, and 34-36. (Document No. 89, p.2-4). Plaintiff also suggests that Griffin's responses to Request Nos. 6, 10, 11, 13, 14, 25, 37, and 38 are deficient. (Document No. 89, p.5). As a result of the new arguments in the "Reply…" (Document No. 89), Griffin now seeks "…Leave To File Surreply In Opposition…" (Document No. 90).

Under these circumstances, the Court will direct Defendant Griffin to complete and/or supplement his responses to Plaintiff's Request For Production Of Documents "regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). The undersigned observes that Plaintiff's initial responses and objections were provided on or about November 13, 2013. (Document No. 83-5). Moreover, Griffin concedes that for thirty-one of Plaintiff's requests, he has stated that he will "produce non-privileged responsive documents." (Document No. 84, p.4). With discovery set to close by March 28, 2014, it is time for Defendant Griffin to complete his responses and/or confirm that appropriate production is complete.

Once the parties have conferred regarding any allegedly nonprivileged and relevant discovery requested by Plaintiff that is still outstanding, Plaintiff may, if necessary, file a renewed motion to compel. Any renewed motion to compel should explicitly set forth the

specific Document Requests to which Plaintiff alleges Griffin's responses are deficient, and explain why Griffin's responses and/or objections are inadequate.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that on "Plaintiff Baker & Taylor's Motion To Compel Production From Defendant David Griffin" (Document No. 81) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Griffin shall complete and/or supplement his responses to Plaintiff's Document Requests, as directed herein, on or before **March 17, 2014**.

**SO ORDERED**.

Signed: March 10, 2014

David C. Keesler
United States Magistrate Judge