UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00553-MOC-DCK

| | | |
|---|---|---|
| **BAKER & TAYLOR, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DAVID GRIFFIN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendant Charles Jones's Motion to Dismiss and for Summary Judgment of Crossclaims (#104) asserted against him by codefendant and crossclaimant David Griffin. Defendant Griffin filed a timely Response (#108) arguing, among other things, that Defendant Jones has failed to satisfy his initial burden of showing that there were no genuine issues of material fact that remained for trial as to the cross claims. Def. Griffin's Brief (#108) at 7. Defendant Jones did not file a Reply within the time allowed.

The court agrees with Defendant Griffin that Defendant Jones has not satisfied his initial burden under Rule 56, Federal Rules of Civil Procedure, and will deny the motion. Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). Just as Defendant Griffin argues, the only facts and evidence submitted by Defendant Jones is an unauthenticated copy of the Operating Agreement for CBR. While Defndant Jones occasionally cites the court Defendant Griffin's Deposition, Defendant Jones

1

failed to attach the deposition transcript or the pages to which he refers. This failure violates Rule 56(c), which provides in relevant part that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of **materials in the record** …." Fed.R.Civ.P. 56(c)(1)(A) (emphasis added). Even after receiving such response, Defendant Jones has done nothing to bring his motion into compliance.

Finally, assuming that Defendant Jones could bring his motion into compliance with the filing requirements of Rule 56(c)(1)(A), Defendant Griffin has sufficiently shown that genuine issues of material fact remain for trial as to each of his crossclaims against Defendant Jones.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant Charles Jones's Motion to Dismiss and for Summary Judgment of Crossclaims (#104) is DENIED.

Signed: May 9, 2014

Max O. Cogburn Jr.
United States District Judge