# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-553-MOC-DCK

| | |
|---|---|
| BAKER & TAYLOR, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| COLLEGE BOOK RENTAL COMPANY, LLC, CHARLES JONES, and DAVID GRIFFIN, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant David Griffin's Motion To Compel" (Document No. 130). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion in part, and deny the motion in part.

## I. BACKGROUND

Plaintiff Baker & Taylor, Inc. ("Plaintiff" or "B&T") filed its "Complaint" (Document No. 1) against College Book Rental Company, LLC ("CBR"), Charles Jones ("Jones"), and David Griffin ("Griffin") (collectively "Defendants") on August 24, 2012. The Complaint asserts that Defendant CBR owes Plaintiff "$19,437,734.73 for Books CBR ordered, received, and accepted from Baker & Taylor, but for which CBR did not remit payment to Baker & Taylor." (Document No. 1, p.5). The Complaint further asserts that "Jones and Griffin each guaranteed payment of all obligations of CBR to Baker & Taylor by executing personal guaranties." (Document No. 1, p.3). In addition to Plaintiff's claims, Defendant Jones asserted

cross-claims against Defendant Griffin on September 18, 2012; and Defendant Griffin asserted cross-claims against Defendant Jones on March 15, 2013. (Document Nos. 8 and 40).

On April 14, 2014, the Court granted the parties' latest "Joint Motion To Amend The Pretrial Order And Case Management Plan" (Document No. 98), with modification. (Document No. 107). In allowing the "Joint Motion To Amend…" the Court noted that Plaintiff and Defendant Griffin had reported that the need for an extension of the discovery deadline was due in part to Defendant Jones' limited availability to be deposed. Id. The existing deadlines in this matter are as follows: discovery – May 16, 2014; mediation report – May 23, 2014; motions – May 30, 2014; and trial October 20, 2014. Id.

On or about May 8, 2014, Plaintiff issued its "Second Amended Notice Of Videotaped Deposition Of Charles Jones" (Document No. 131-1); and on or about May 12, 2014, Defendant Griffin issued his own "Amended Notice Of Deposition of Charles Jones" (Document No. 131-1). See (Document No. 147, p.2). Both of these notices set Defendant Jones' deposition for May 13, 2014, and stated that the deposition would continue from day to day until complete. (Document No. 131-1). The parties do not describe when their initial notices of deposition were issued to Defendant Jones.

It appears to be undisputed that Defendant Jones' deposition was held on May 13, 2014 in Murray, Kentucky; and that Plaintiff's counsel questioned Defendant Jones for approximately six and one half (6½) hours, and Defendant Griffin's counsel questioned Defendant Jones for approximately twenty (20) minutes. At the instruction of counsel, Defendant Jones refused to continue the deposition beyond a total of seven (7) hours, and refused to allow Defendant Griffin's counsel any additional time to question Jones. (Document Nos. 131, 147, and 148). Defendant Jones also refused to answer questions about settlement discussions with Plaintiff

2

Baker & Taylor after Judge Tennille's "Mediated Settlement Conference" on May 6, 2014.  Id.; see also, (Document Nos. 133 and 134).

"Defendant David Griffin's Motion To Compel" (Document No. 130) was filed on May 21, 2014.  By the instant motion, Defendant Griffin seeks an Order compelling Defendant Jones to:  (1) "reappear for the continuation of his examination," and (2) to "respond to questions about settlement negotiations involving him and B&T."  (Document No. 130, p.2).  "Defendant Charles Jones's Response To Motion To Compel" (Document No. 147) was filed on June 9, 2014.  Also on June 9, 2014, "Plaintiff's Response to Defendant Griffin's Motion To Compel Further Testimony From Defendant Jones" (Document No. 148) was filed.  Plaintiff does not oppose Griffin's request to further depose Jones, but does object to an order requiring Jones to respond to questions about settlement negotiations.  (Document No. 148).  "Defendant David Griffin's Reply In Support Of Motion To Compel" (Document No. 160) was filed on June 19, 2014.

## II.  STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

### III. DISCUSSION

**A. Deposition Continuation**

First, Defendant Griffin argues that Jones's refusal to allow him more than twenty minutes of examination "contradicts the clear spirit of Rule 30(d), a rule that seeks to allow for fair examination of witnesses:"

> (1) *Duration*. Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

(Document No. 131, p.3) (quoting Fed.R.Civ.P. 30(d)). Defendant then effectively cites the Advisory Committee Notes regarding the 2000 Amendment of Rule 30(d). (Document No. 131, p.4). Specifically, Defendant notes that the drafters of the current Rule 30(d) envisioned the need for additional time under certain circumstances, for example: "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one

4

lawyer to question about areas of common interest." Id. (quoting Fed.R.Civ.P. 30 Advisory Committee's Note (2000 Amendment)).

Defendant Griffin contends that Defendant Jones's obstructionist approach prevented Jones from being deposed on topics relevant to the case. (Document No. 131, p.4). Moreover, the limitation to twenty (20) minutes of questioning by Griffin, a party with cross-claims against Jones, did not allow for a fair examination. Id. (citing E.E.O.C. v. Lowe's HIW, Inc., 2009 WL 811495 (W.D. Wash. Mar. 27, 2009) (holding that limiting one lawyer to a short time period after expiration of the seven-hour limit did not permit a fair examination of the witness).

In response, Defendant Jones initially contends that the instant motion is untimely. (Document No. 147, p.3). Jones then focuses on the argument that the motion should be denied because Griffin did not request leave to take a second deposition of Jones or to exceed the seven hour time limit. (Document No. 147, p.4) (citing Fed.R.Civ.P. 26(b)(2) and 30(d)). Jones concludes that Griffin has not shown good cause to justify an extension of time to question Jones. (Document No. 147, pp.4-6). As noted by Griffin, Jones does not comment on the Advisory Committee's direction that "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time . . . ." (Document No. 160, p.2) (quoting Fed.R.Civ.P. 30 Advisory Committee's Note (2000 Amendment)).

Plaintiff B&T does not oppose Griffin's request for additional time to depose Jones.

Based on the foregoing, the undersigned finds Defendant Griffin's arguments and authority most persuasive. While the parties might have all been in position to clarify their expectations for Jones' deposition prior to May 13, 2014, the undersigned believes that Jones received adequate notice that *both* Plaintiff and Griffin intended to depose him beginning on that date. The undersigned agrees that twenty (20) minutes was not adequate time for Griffin to

5

question Jones, and that Jones' refusal to continue unnecessarily delayed relevant discovery in this matter. As such, the undersigned directs that Defendant Jones' deposition be continued as soon as possible.

**B. Settlement Discussions**

Next, Defendant Griffin asserts that Defendant Jones should be required to respond to questions about settlement discussions with Plaintiff B&T since the conclusion of the mediation session on May 6, 2014. (Document No. 131, pp.5-8; Document No. 160, pp.3-5). Griffin argues that "[i]f Jones is attempting to settle B&T's claim against him by offering testimony B&T seeks against Griffin, such evidence of bias is discoverable." (Document No. 131, p.5).

Griffin's motion acknowledges that Rule 408 of the Federal Rules of Evidence "excludes settlement evidence offered 'to prove or disprove the validity or amount of a disputed claim or to impeach by [a] prior inconsistent statement or a contradiction,'" but argues that "Rule 408 expressly allows evidence involving settlement to show 'bias or prejudice.'" Id. (quoting Fed.R.Evid. 408 (a) –(b)).

In most pertinent part, Defendant Jones contends that settlement negotiations are continuing with B&T, and that "Courts should be reluctant to compel disclosure of settlement terms, particularly where the settlement is not finalized." (Document No. 147, p.9) (citing Bank Brussels Lambert v. Chase Manhattan Bank, 1996 WL 71507, at *6 n.1 (S.D.N.Y. 1996); Tribune Co. v. Purcigliotti, 1996 WL 337277, at *3 (S.D.N.Y. 1996)).

Similarly, Plaintiff B&T argues that "all settlement discussions between Defendant Jones and Plaintiff beginning at the mediated settlement conference on May 6 and continuing through May 27, 2014 when a mediation impasse was declared by Judge Tennille are not discoverable."

(Document No. 148, p.4) (citing Local Rule 16.3; N.C.G.S. § 7A-38.1; and Rule 10(c) of Rules Governing Mediated Settlement Conferences in Superior Court Civil Actions).

In reply, Griffin clarifies that he is not seeking discovery of any discussion held during the mediation session held on May 6, 2014. (Document No. 160, p.3). Moreover, Griffin asserts that B&T's position that the rules provide for blanket confidentiality until the mediator files a report officially declaring an impasse, is unsupportable. Id. Griffin further argues that the applicable mediation session here began and ended on May 6, 2014. (Document No. 160, p.4) (citing Document No. 147, p.8, n.1; Document No. 134).

The undersigned observes that the parties and/or the mediator failed to file a timely Mediation Report on or before May 23, 2014, and had to be ordered to show cause why the report on the results of mediation was not timely filed. See (Document No. 132). Consistent with Griffin's argument, once the mediator filed his report, albeit late, it clearly reported the "result of a Mediated Settlement Conference held on May 6, 2014," and made no mention of on-going mediation. (Document No. 134).

The undersigned finds that this issue presents a close call, but that it is not clear that any of the parties have identified authority establishing what questions should be permissible regarding on-going "settlement" discussions between Jones and B&T at the renewed deposition of Defendant Jones. Moreover, the undersigned is not convinced by Griffin's argument that testimony regarding on-going, but to date unsuccessful, attempts at settlement would provide discoverable evidence indicating bias or prejudice. See (Document No. 131, p.5). Under the circumstances, the Court will decline to instruct Defendant Jones on how he should answer any question(s) Griffin's counsel might ask related to discussions between B&T and Jones since May 7, 2014.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant David Griffin's Motion To Compel" (Document No. 130) is **GRANTED in part**, and **DENIED in part**, as described herein. Defendant Jones shall make himself available for up to an additional **four (4) hours** of deposition testimony by Defendant Griffin on a date agreeable to all parties, in Murray, Kentucky, on or before **July 25, 2014**.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs associated with filing and responding to instant motion to compel, as well as the continuation of the deposition.

**SO ORDERED**.

Signed: June 27, 2014

David C. Keesler
United States Magistrate Judge