**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-553-MOC-DCK**

| | |
|---|---|
| BAKER & TAYLOR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| COLLEGE BOOK RENTAL COMPANY, LLC, | ) |
| CHARLES JONES, and DAVID GRIFFIN, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff Baker & Taylor's Renewed Motion To Compel Production From Defendant David Griffin" (Document No. 183), and "Defendant David Griffin's Motion For Protective Order" (Document No. 192). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>deny</u> the motion to compel, and <u>grant</u> the motion for protective order.

**I. BACKGROUND**

Plaintiff Baker & Taylor, Inc. ("Plaintiff" or "B&T") filed its "Complaint" (Document No. 1) against College Book Rental Company, LLC ("CBR"), Charles Jones ("Jones"), and David Griffin ("Griffin") (collectively "Defendants") on August 24, 2012. The Complaint asserts that Defendant CBR owes Plaintiff "$19,437,734.73 for Books CBR ordered, received, and accepted from Baker & Taylor, but for which CBR did not remit payment to Baker & Taylor." (Document No. 1, p.5). The Complaint further asserts that "Jones and Griffin each guaranteed payment of all obligations of CBR to Baker & Taylor by executing personal

guaranties." (Document No. 1, p.3). In addition to Plaintiff's claims, Defendant Jones asserted cross-claims against Defendant Griffin on September 18, 2012; and Defendant Griffin asserted cross-claims against Defendant Jones on March 15, 2013. (Document Nos. 8 and 40).

The "Pretrial Order And Case Management Plan" (Document No. 52) was filed on May 7, 2013. The "Pretrial Order…" established the following deadlines: **discovery – January 31, 2014**; mediation report – February 28, 2014; **motions – February 28, 2014**; and **trial – October 6, 2014**. (Document No. 52). Regarding discovery completion, the "Pretrial Order…" specifically provides that:

> Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time.

(Document No. 52, p.3).

On December 19, 2014, the Court allowed the parties' "Joint Motion To Amend The Pretrial Order And Case Management Plan" (Document No. 79) with modification, and re-set the deadlines as follows: **discovery – March 28, 2014**; **mediation report – April 4, 2014**; **motions – April 11, 2014**; and **trial – October 6, 2014**. (Document No. 80).

On March 10, 2014, the undersigned issued a ruling denying without prejudice "Plaintiff Baker & Taylor's Motion To Compel Production From Defendant David Griffin" (Document No. 81). (Document No. 92). In that "Order" (Document No. 92), the undersigned noted that discovery was set to close by March 28, 2014, and specifically directed Defendant Griffin "to complete his responses and/or confirm that appropriate production is complete, on or before

**March 17, 2014**.  (Document No. 92, pp.5-6).  The undersigned further directed that Plaintiff could then file a renewed motion to compel, if there was "any allegedly nonprivileged and relevant discovery requested by Plaintiff that is still outstanding."  (Document No. 92, p.5).

On April 14, 2014, the Court granted the parties' latest "Joint Motion To Amend The Pretrial Order And Case Management Plan" (Document No. 98), with modification.  (Document No. 107).  In allowing the "Joint Motion To Amend…," the Court noted that Plaintiff and Defendant Griffin had reported that the need for an extension of the discovery deadline was due in part to Defendant Jones' limited availability to be deposed.  Id.  The undersigned further observes that the parties' motion to amend also stated that "[a]ll parties have produced documents, but the resolution of any outstanding issues related to their respective productions requires additional time."  (Document No. 98, p.1).  The motion to amend did *not* mention any failure by Defendant Griffin to abide by the Court's "Order" (Document No. 92) directing that he complete and/or supplement his responses to Plaintiff's Document Requests on or before March 17, 2014.  (Document No. 98).  As a result, the deadlines in this matter were revised as follows: **discovery – May 16, 2014**; **mediation report – May 23, 2014**; **motions – May 30, 2014**; and **trial – October 20, 2014**.  (Document No. 107).

On May 29, 2014, the Court noted that a mediation report had not been timely filed.  A mediation report was then filed on May 30, 2014.  Also filed on May 30, 2014 were:  "Defendant David Griffin's Motion For Summary Judgment As To Plaintiff's Claims" (Document No. 137); "Defendant David Griffin's Motion For Summary Judgment As To Defendant Charles Jones's Crossclaim" (Document No. 140); and "Plaintiff's Motion For Partial Summary Judgment" (Document No. 142).  The pending dispositive motions have been fully briefed and oral arguments were heard by Judge Cogburn on August 12, 2014.

"Plaintiff Baker & Taylor's Renewed Motion To Compel Production From Defendant David Griffin" (Document No. 183) was filed on August 14, 2014, almost three (3) months after the discovery deadline, and two and one half (2 ½) months after the motions deadline. Apparently, Plaintiff is now seeking to compel the production of documents/information that Defendant Griffin was ordered to produce on or before March 17, 2014, more than **five (5) months** prior to the instant motion being filed. (Document No. 92). "Defendant David Griffin's Response In Opposition To Plaintiff's Renewed Motion To Compel" was filed August 20, 2014; and a "Reply In Support Of Plaintiff's Renewed Motion To Compel Production…" (Document No. 196) was filed September 2, 2014.

Also pending is "Defendant David Griffin's Motion For Protective Order" (Document No. 192) filed on August 28, 2014. The motion for protective order seeks to prevent Plaintiff from obtaining discovery information and documents, over which Griffin has asserted privilege, from non-parties. (Document Nos. 192, 193). "Plaintiff Baker & Taylor's Response To Defendant Griffin's Motion For Protective Order" (Document No. 199) was filed on September 12, 2014, along with "Plaintiff's Motion To Expedite Briefing Schedule" (Document No. 201). "Defendant David Griffin's Reply In Support Of His Motion For Protective Order" (Document No. 203) was filed on September 19, 2014.

The pending discovery motions (Document Nos. 183 and 192) have now been fully briefed and are ripe for review and disposition.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and

> location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

### III. DISCUSSION

**A. Motion To Compel**

In its "…Renewed Motion To Compel…" Plaintiff specifically states that it:

> hereby renews its motion by seeking an Order compelling Griffin to produce:
>
> a. copies of Griffin's personal financial statements for the years 2010 through and including 2013; and
>
> b. unredacted copies of all documents previously redacted on the basis of relevancy, including but not limited to Griffin_BT000039, Griffin_BT000049, Griffin_BT006099, Griffin_BT001851, and Griffin_BT003548.

(Document No. 183, p.1).

Although Plaintiff acknowledges the Court's "Order" (Document No. 92) directing Defendant Griffin's production by March 17, 2014, and that the discovery period concluded on May 16, 2014, Plaintiff goes on to describe attempts to resolve discovery disputes on May 19, 2014, July 18, 2014, and through "numerous correspondence exchanged from May through August." (Document No. 184, pp.1-3). In its "Reply In Support…" Plaintiff notes that: (1) "[o]n March 17, 2014, Griffin's counsel certified that 'David Griffin has completed his responses and document production in response to Baker & Taylor's discovery requests'"; (2) "B&T received Griffin's supplemental production" on June 11, 2014; and (3) on July 18, 2014, Griffin's counsel "unequivocally confirmed he was no longer withholding documents on any basis other than privilege." (Document No. 196, pp.2-3). Therefore, it appears that Plaintiff knew, or should have known, by about March 17, 2014, what financial statements Griffin had produced. It is unclear when the disputed redacted documents were produced, but according to Plaintiff it would have certainly been no later than June 11, 2014.

Plaintiff offers little, if any, explanation for why it: (1) waited until the discovery and motions deadlines had passed before filing the instant motion to compel, and (2) failed to request an extension of time based on its current arguments. (Document Nos. 183, 196).

A recent decision from the Middle District of North Carolina provides some guidance on the timeliness of motions to compel:

> Neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide a specific timeframe in which a party must file a motion to compel. See Fed.R.Civ.P. 37(a); M.D.N.C. R. 37.1. In this Court, "[g]enerally, a party must file a motion to compel before the close of discovery in order for that motion to be deemed timely." Lane v. Lucent Techs., Inc., No. 1:04CV789, 2007 WL 2079879, at *3 (M.D.N.C. July 17, 2007) (unpublished) (Osteen, Sr., J.). However, the Fourth Circuit has granted "substantial discretion to a district court in managing discovery ... [including the] discretion to consider an untimely motion to compel if the

6

movant 'offer[s] an acceptable explanation for [the motion's] tardiness.'" United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir.2002) (quoting Spencer Med. Assocs. v. Commissioner of Internal Revenue, 155 F.3d 268, 273 (4th Cir. 1998)).

ATI Indus. Automation, Inc. v. Applied Robotics, Inc., 2014 WL 3729408, at *2, n.2 (M.D.N.C. July 25, 2014).

Recent decisions by this Court are also instructive. See U.S. v. $28,720.00 in United States Currency, 1:13cv106-MR-DLH, 2014 WL 1570925, at *1 (W.D.N.C. Apr. 17, 2014) (denying motion to compel filed one week after close of discovery) ("Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely."); see also, Nelson v. Montgomery, 3:12cv699-DCK, 2014 WL 1571208, at *13 (W.D.N.C. Apr. 17, 2014) ("Plaintiff's motion is untimely, as it was filed well after the discovery and motions deadlines, and after Defendant's motion for summary judgment was fully briefed."); Wellness Group, LLC v. King Bio, Inc., 1:12cv281-MR-DLH, 2013 WL 5937722, at *1-2 (W.D.N.C. Nov. 4, 2013) ("motions to compel, . . . must be filed prior to the close of discovery."); Synovus Bank v. Karp, 1:10cv172-MR-DLH et al, 2013 WL 4052625 (W.D.N.C. Aug. 12, 2013) ("case law of this District is clear that motions to compel generally must be filed by the close of the discovery period."); K.A. Holdings, Ltd. Of N.Y. v. Chagaris, 3:09cv487-MOC-DCK, 2013 WL 1490446, at *2-3) (W.D.N.C. Apr. 10, 2013) ("the instant motion to compel is untimely. . . . Defendant failed to request additional time for discovery completion or to file a motion to compel discovery until after discovery had closed and dispositive motions were due.").

Based on the foregoing, the undersigned concludes that Plaintiff's "…Motion To Compel…" is untimely and should be denied.

## B. Motion For Protective Order

The circumstances of the other pending discovery motion are similar to those discussed above. In short, Plaintiff is again seeking discovery regarding this case well after both the discovery and motions deadlines have passed. In this instance, Plaintiff filed a "Motion And Memorandum In Support To Enforce Subpoena" in the U.S. District Court for the Eastern District of Kentucky on July 31, 2014, apparently served on Respondents and Defendant Griffin on or about August 5, 2014. (Document No. 193-5); see also Baker & Taylor, Inc. v. Farris, 5:14cv307-DCR, (E.D.Ky. July 31, 2014); (Document No. 199, p.3).

The "Motion . . . To Enforce Subpoena" seeks to enforce subpoenas against Respondents John Farris ("Farris") and Commonwealth Economics, LLC ("CE") originally served on or about April 1, 2014, and commanding Respondents to appear and produce certain documents on April 24, 2014 in Louisville, Kentucky. (Document No. 193-3). Plaintiff's "Motion … To Enforce" primarily seeks Defendant Griffin's financial statements, describing such statements as "highly relevant to B&T's claims and defenses in the North Carolina Action." (Document No. 193-5, pp.16-17).

At some point, the date of the depositions was moved to May 14, 2014, and then later to June 2, 2013, presumably with the consent of Respondents Farris and CE, and Defendant Griffin. (Document No. 199, p.2). Plaintiff acknowledges that on May 16, 2014, Griffin sent a letter to Plaintiff stating that "they had some 'privilege' issues with the Subpoenas." Id. Notably, discovery in this matter was to be *completed* by May 16, 2014. Plaintiff states that the deposition on June 2, 2014, was taken "outside the discovery period by stipulation and agreement." Id. Plaintiff does not assert that there was any other agreement to extend the discovery deadlines in this matter, including supplemental depositions or otherwise; nor did

Plaintiff seek an extension of time with this Court. (Document No. 199). Nevertheless, according to Plaintiff, Farris and CE produced documents pursuant to the Subpoenas on June 27, July 11 and July 31, 2014. Id. In the meantime, on or about July 17, 2014, Griffin "served a privilege log that indicated that he withheld approximately 187 relevant, responsive documents from Farris and Commonwealth's production on the basis of purported privilege claims." Id. (citing Document No. 193-4).

"Defendant David Griffin's Motion For Protective Order" was filed with this Court on August 28, 2014, seeking a protection concerning Plaintiff's "effort to conduct non-party discovery outside this district in such a manner as to circumvent Griffin's uncontested assertion of privilege." (Document No. 192, p.1). Specifically, Defendant Griffin asserts that Plaintiff is improperly seeking "communications from third parties Commonwealth Economics ("CE") and its principal, John Farris ("Farris"), both of Lexington, Kentucky, that Griffin has identified as privileged." (Document No. 193, p.1).

On September 9, 2014, Griffin was allowed to intervene in the Kentucky action and the Honorable Danny C. Reeves held a hearing on Plaintiff's "Motion … To Enforce Subpoena." (Document No. 199, p.3).

Plaintiff's "…Response To Defendant Griffin's Motion For Protective Order" (Document No. 199) was filed on September 12, 2014. Plaintiff's main arguments in response are: (1) Griffin's motion is "both baseless and untimely"; (2) this Court has no jurisdiction over Farris or Commonwealth; (3) Griffin waived any privilege by failing to move to quash the subpoenas; (4) Griffin has failed to demonstrate the documents are privileged; (5) Commonwealth and Farris improperly claimed privilege; and (6) that the documents B&T seeks are relevant and responsive. (Document No. 199, pp.4-16). In most pertinent part, Plaintiff prophetically predicts that this

Court would question "why B&T's Motion to Enforce the Subpoenas came at the end of July after the discovery period closed." (Document No. 199, p.5). Indeed, the Court continues to be perplexed by Plaintiff's delay. The "simple answer" that Plaintiff was "waiting on Farris and Commonwealth to produce documents from April 1 through the end of June, and then again in July" is inadequate. Id. Moreover, it defies logic that a party would sit on its hands until August 28, 2014, while discovery and motions deadlines passed, to seek allegedly important discovery responses.

On September 16, 2014, Judge Reeves issued a well-reasoned decision regarding the "Motion To . . . To Enforce Subpoena." (5:14cv307-DCR; Document No. 24). The Kentucky court was presented with two issues: (1) "whether Farris and Commonwealth should be directed to produce documents which Intervening Party Griffin contests are subject to a litigation consultant privilege"; and (2) "whether B&T may be granted leave to depose Farris a second time regarding the documents, if B&T obtains the documents as a result of this motion." Id. at p.2. In addressing those issues, Judge Reeves opined that

> To the extent that Farris and Commonwealth are litigation consultants and a privilege applies, Griffin has not waived it. . . . Considering the efforts that Griffin made to preserve the asserted privilege, this Court finds that the asserted privileges, to the extent they apply, were not waived.
>
> Whether there is a privilege to assert, however, is a separate issue. . . . The respondents have not produced any documents, such as bills or a formal agreement, evidencing a litigation consultant agreement.

Id. at pp.3-4.

Judge Reeves further noted that "parties are required to make 'a detailed factual showing [is necessary] to establish the relationship between the client and a third party that is sought to be included within the protection of the attorney-client privilege.'" Id. at p.5 (quoting Energy

10

Capital Corp. v. United States, 45 Fed. Cl. 481, 492 (2000). Judge Reeves then found that "Griffin Farris and Commonwealth had failed to make any effort to show that privilege applies" and therefore, "based upon the materials presented," held that no "privilege applies to the documents sought by B&T in the subpoena duces tecum." The Kentucky court concluded that the "motion to enforce the subpoena will be granted," however, Judge Reeves stayed "its order granting motion to enforce to allow time for Griffin to complete briefing on the motion for protective order in the North Carolina Action." Id. at pp.5-6.

In addition, Judge Reeves noted that the parties recognized that the discovery deadline here has passed, and that "permission would be required for a second deposition" "on behalf of himself and on behalf of Commonwealth." Id. at p.6. Judge Reeves indicated that a second, limited deposition would be allowed, "subject to any orders or deadlines imposed by the court presiding over the North Carolina Action." Id.

Finally, Judge Reeves stated that the stay in that court was "intended to allow David Griffin to obtain a determination of whether a litigation consultant relationship existed and the extent to which the asserted privileges apply to the documents sought by subpoena from Farris and Commonwealth." Id. at pp.6-7. "If the court in the North Carolina Action determines that a privilege does not apply, or no determination is made within the 21 day period, then Respondents John Farris and Commonwealth Economics, LLC shall produce the documents at issue. . . ." Id. at p.7.

Based on the foregoing, the undersigned would be inclined to find that the "Motion . . . To Enforce Subpoena" is untimely. As noted above, Plaintiff has failed to provide an adequate explanation for months of delay in seeking to "enforce" its subpoenas and/or in seeking additional deposition testimony. More importantly, Plaintiff appears to continue to disregard the

11

deadlines set in this action, and thereby places inappropriate demands on the resources of the parties, counsel, the U.S. District Court of the Eastern District of Kentucky, and this Court. For this reason alone, the undersigned finds good cause to grant Defendant Griffin's "…Motion For Protective Order" and thus end court enforceable discovery in this matter.

Contrary to Plaintiff's argument that the instant motion for protective order is untimely, the undersigned finds that it was filed within reasonable temporal proximity of Plaintiff's renewed attempts to get information previously identified by Griffin as privileged. Moreover, it appears there is good cause to protect Defendant Griffin from undue burden and expense in discovery, when the parties should be focusing on trial preparation or settlement. See Fed.R.Civ.P. 26(c)(1). Based on Plaintiff's own description of events, it appears that Defendant Griffin made no attempt to preclude Plaintiff from deposing Farris/CE, or from obtaining nonprivileged documents; rather, Griffin has asserted a right to protection at the point Plaintiff pushed for allegedly privileged documents and additional deposition testimony –outside the bounds of this Court's "Pretrial Order And Case Management Plan" (Document No. 52).

In addition, the undersigned finds that "Defendant David Griffin's Reply In Support Of His Motion For Protective Order" makes a compelling argument that his communications with Farris and CE are privileged. (Document No. 203). In particular, Griffin now makes a stronger effort than he had previously, as noted by Judge Reeves, to show that privilege applies. Id. See also, (5:14cv307-DCR, Document No. 24, p.5). Griffin's "…Reply…" is well-supported by the affidavits of counsel William L. Campbell, Jr., David Griffin, and John Farris. (Document Nos. 203-206); see also, Energy Capital Corp. v. U.S., 45 Fed.Cl. 481, 492 (Jan. 11, 2000). Citing those declarations, and including billing records, Defendant Griffin provides evidence that Griffin hired Farris and CE to serve as his consultants in expected litigation and to assist Griffin

and his other counsel with legal strategy and advice, and that Farris and CE billed and were paid by Griffin for such services.  (Document No. 203, p.7; Document No. 203-1; and Document Nos. 204-206).

The undersigned concludes that Plaintiff's recent attempts to continue discovery are improper;  moreover, Defendant Griffin has provided evidence that documents identified in Griffin's privilege log in Farris/CEs possession, are privileged and should not be discoverable. Pursuant to the "Pretrial Order…" the parties may consent to additional discovery "so long as any such extension expires not later than ten (10) days prior to scheduled trial time."  (Document No. 52, p.3).  However, court enforceable discovery should end, and the parties are respectfully advised to prepare for trial beginning on or about October 20, 2014.  See (Document No. 211, p.8).

### IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff Baker & Taylor's Renewed Motion To Compel Production From Defendant David Griffin" (Document No. 183) is **DENIED**.

**IT IS FURTHER ORDERED** that "Defendant David Griffin's Motion For Protective Order" (Document No. 192) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Expedite Briefing Schedule" (Document No. 201) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Leave To File Surreply" (Document No. 209) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs associated with filing and responding to instant motions.

Signed: September 30, 2014

David C. Keesler
United States Magistrate Judge