UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00553-MOC

| | |
|---|---|
| **BAKER & TAYLOR, INC.,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **DAVID GRIFFIN; CHARLES JONES; ANDCOLLEGE BOOK RENTAL COMPANY, LLC,** | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on defendant David Griffin's Motion to File Under Seal. There are a couple of problems with such motion, the first being that neither the motion nor the supporting brief reflect consultation with opposing counsel. The second problem is that for cause, Defendant Griffin relies heavily on the Protective Order entered earlier in this case and the Confidentiality Agreement entered into by the parties.

As this court has recently made clear in the Garlock litigation, see Legal Newsline v. Garlock Sealing Technologies LLC, 3:13cv464 (W.D.N.C. 2014), while a confidentiality agreement and protective order may be a starting point for the inquiry under Local Civil Rule 6.1(c), it is not the end point. The court is familiar with the practice of entering lengthy protective orders in advance of parties engaging in Rule 26 discovery. Such orders typically give the producing party *carte blanche* in designating documents "confidential," "highly confidential," and "highly confidential – attorney's eyes only." While this court routinely allows such protective orders, Local Civil Rule 6.1 makes it clear that an attorney's designation of

-1-

confidentiality does not result in automatic sealing.

Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets, proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the confidentiality afforded under a Protective Order to discovery materials does not automatically extend to documents submitted to the court. At best, a Protective Order can require a party who desires to file a document marked confidential to seek an Order sealing or redacting that document before such filing.

While a court may seal any number of documents, proceedings, or applications for appropriate reasons, it simply cannot delegate that responsibility to the litigants by giving deference to protective orders. As a gatekeeper, a judge must consider sealing as the exception not the rule, Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004), give the public notice of its intent to seal, require counsel to provide valid reasons for such extraordinary relief, and then explain that decision as well as the reason why less drastic alternatives were not employed. The reason is simple: the public and the press have a co-extensive right to view and consider documents tendered a judge and/or jury when a dispute in brought in the ultimate public forum, a courtroom. Doe v. Public Citizen, 749 F.3d 246, 263 (4th Cir. 2014). While the court does not have in front of it a transcript of the trial, the court recalls dealing extensively with the issue of privilege as to Mr. Murchison's testimony. At a minimum, defendant needs to discuss any decisions this court issued at trial in seeking to seal the same witness's deposition testimony in support of a motion for a new trial.

As mentioned above, the judges of this court, in conjunction with the public, attorneys, and members of Bar representing the press, developed Local Civil Rule 6.1, "Sealed Filings and Public Access," to dispose of requests for sealing in an orderly manner. The rule contemplates that attorneys will designate materials as confidential, but makes it clear that such designation does not necessarily extend to materials "filed with the court." L.Civ.R. 6.1(I).

Defendant's request will be denied without prejudice. If defendant seeks to seal such deposition for purposes of requesting a new trial, he will need to reflect consultation, address the criteria provided by the local rule and prevailing case law, and discuss how any law of the case -- especially trial decisions involving this witness – impact the request to seal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant David Griffin's Motion to File Under Seal (#308) is **DENIED WITHOUT PREJUDICE**.

Signed: December 4, 2014

Max O. Cogburn Jr.
United States District Judge