UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00553-MOC

| | | |
|---|---|---|
| **BAKER & TAYLOR, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DAVID GRIFFIN** | ) | |
| **CHARLES JONES** | ) | |
| **COLLEGE BOOK RENTAL COMPANY, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on the following post-judgment motions: (1) plaintiff's Motion to Amend Judgment (#298); (2) plaintiff's Motion for Attorneys' Fees (#301); (3)Defendant Griffin's Motion for Judgment NOV (#304); (4) Defendant Griffin's Motion for a New Trial (#306); (5) plaintiff's Motion for Leave to Register Judgment in District Courts Outside the Western District (#314); (6) Defendant Griffin's Motion to Stay Proceedings to Enforce a Judgment (#318); and (7) Defendant Griffin's Motion for Leave to File Supplemental Document (#349). Oral arguments were heard on those motions on January 7, 2015, in Charlotte, North Carolina. The motions will be discussed *seriatim*.

**I.    Motion to Amend Judgment (#298)**

Plaintiff first seeks to amend the judgment to provide for prejudgment interest consistent with the contractual obligation between plaintiff and Defendant Griffin under the terms of the guaranty and North Carolina law.  As a corollary, plaintiff seeks to amend the judgment as to Defendant Jones based on a miscalculation of prejudgment interest at the time Defendant Jones

confessed judgment during the trial. Under Rule 59(e), Federal Rules of Civil Procedure, it is plaintiff's burden to show clear error requiring amendment of the Judgment. Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010).

After the jury returned its verdict in this matter, plaintiff requested that the court award prejudgment interest. The court declined that request and entered judgment in the amount determined by the jury, a sum that was clearly equal to the amount of the debt at the time of default. The court then reasoned that an award of interest was not appropriate as the court recalled that counsel for plaintiff had made an argument to the jury seeking an award of interest.

In preparing for the hearing of this motion, the court instructed the parties to file a copy of the trial transcript. While the transcript does reveal that plaintiff put evidence of the accrued interest into evidence[1] and mentioned interest in opening,[2] no argument was in fact made during closing by plaintiff seeking an award of interest from the jury. Further, such review has also revealed that the court did not provide the jury with any instruction or issue on an award of interest. Thus, it now appears to the court that the issue of prejudgment interest was indeed one for the court and that, based on a review of the transcript, it was clear error not to take up the issue of prejudgment interest.

Plaintiff contends it is entitled to $8,451,630.54 in prejudgment interest under the guaranty, which specified 18% *per anum* (1.5% per month) from default. First, under North Carolina law, which governs the agreement, an award of prejudgment interest is appropriate. An award of prejudgment interest in a breach of contract action is governed by Chapter 24–5(a) of the North Carolina General Statutes, which provides, in pertinent part:

---

[1]    Plaintiff's Exhibit #24 "Interest Calculation of Accrued Interest Through Oct. 17, 2014" (#276) at 3.
[2]    Trial Transcript Vol. II(A) at 271 (#332).

In an action for breach of contract, except an action on a penal bond, the amount awarded on the contract bears interest from the date of breach. The fact finder in an action for breach of contract shall distinguish the principal from the interest in the award, and the judgment shall provide that the principal amount bears interest until the judgment is satisfied. If the parties have agreed in the contract that the contract rate shall apply after judgment, then interest on an award in a contract action shall be at the contract rate after judgment; otherwise it shall be at the legal rate.

Id. Further, "[o]nce breach is established, plaintiffs are entitled to interest from the date of the breach as a matter of law." Cap Care Grp., Inc. v. McDonald, 149 N.C.App. 817, 824 (2002). Further, federal case law, albeit unreported, provides that "[t]he district court's refusal to recognize this part of the contract constituted an impermissible revision of the contract." Questech Financial, LLC v. Trivedi, 109 Fed.Appx. 514, 516, 2004 WL 1662462, 1 (4th Cir. July 27, 2004). Finally, as to Defendant Griffin's argument that such an award is inappropriate as the underlying arrangement was a loan and implicit argument that such an award would be usury, the court disagrees as North Carolina usury law only applies to lending transactions. N.C.Gen.Stat. § 24–2.1 (2011); Odell v. Legal Bucks, LLC, 192 N.C.App. 298, 314 (2008). While plaintiff certainly wired CBR funds, such funds were clearly intended to fund the purchase of inventory and any profit contemplated by the parties was clearly attributable to markup on such inventory, not interest. Thus, it appears from all of the evidence of record that from the date of default to the date of judgment, plaintiff is entitled to $8,451,630.54 in prejudgment interest, for which Defendant Griffin and Defendant Jones are jointly and severally liable. The court will amend the judgment accordingly.

**II.      Motion for Attorneys' Fees**

Plaintiff contends that, in accordance with the terms of the contract and North Carolina law, it is entitled to collect from defendants an attorneys' fee in the amount of $2,915, 279.33. Such sum represents the principal amount of the debt in default plus interest accrued at the contract rate until the date the action was filed, multiplied by the contractual attorneys' fee rate of 15%.

It is undisputed that the guaranty executed by Defendant Griffin (and Defendant Jones) provide for the payment of a reasonable attorneys' fee in the event of default, as follows: "reasonable attorney's fees, which may be incurred by Baker & Taylor in enforcing this personal guaranty…." Complaint, Ex. B (#1-2 at 2).  While generally disfavoring the award of attorneys' fees to prevailing parties, North Carolina law provides for an award of attorneys' fee in the collection of a debt.  First, defendants' guaranties are evidence of an indebtedness. Stillwell Enter. v. Interstate Equip. Corp., 30 N.C. 286, 294 (1980).  Second, the North Carolina General Statutes provide that where the agreement provides for a "reasonable attorneys' fee," but does not specific what that fee is, 15% of the "outstanding balance" is a reasonable fee as a matter of law, as follows:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:
>
> ***
>
> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, **such provision shall be construed** to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C.Gen.Stat. § 6-21.2. Clearly, when read alongside North Carolina law, the guaranty specifically provides for an attorneys fee of 15% of the outstanding balance.

Had the guaranty simply provided for a "reasonable attorneys' fee," the court's inquiry would end and the court would, as a matter of law, impose the award sought. However, the language of the guaranty adds the phrase "which may be incurred ...", a phrase which this court reads as a contractual limitation on attorneys' fees to those fees actually incurred. Thus, while an award under the guaranty is capped at 15%, the parties further limited that award to fees actually incurred in enforcing the guaranty.

Plaintiff has submitted to the court summary attorney billing records that have been heavily redacted. Defendant Griffin contests the sufficiency of such proffer, arguing that it gives him little or no ability to determine whether the fees were incurred in enforcing the guaranty. Defendant Griffin is also concerned with attorneys' fees incurred after court-sanctioned discovery closed. Plaintiff argues that such proffer is sufficient and anything more would not just be voluminous, but would necessarily reveal privileged work product as this litigation is ongoing. Plaintiff also argued that while discovery may well have been closed when it conducted third-party discovery in other districts, such is permissible and in fact yielded probative evidence that was admitted at trial.

While the court agrees with Defendant Griffin that the language of the guaranty requires plaintiff to show that the fees sought were incurred in enforcing the guaranty, the court does not find that such language is so broad as the require disclosure by plaintiff, review by defendant, and scrutiny by the court of each discrete time entry. Instead, the court finds such language only requires plaintiff to directly link the attorneys' fees "incurred" to enforcement of the guaranty

and further finds that such can be accomplished by breaking down the billings as to when the charges were incurred and their relationship to a particular element of enforcement, i.e., post-default attempts to collect the debt, preparation of the Complaint, research, motions practice, mediation, meetings with the client, court-sanctioned discovery, third-party discovery, dispositive motions, trial prep, trial, and post-trial proceedings. As an award of up to 15% is presumptively reasonable under North Carolina law, the court's focus in reviewing an award of a reasonable fee under this particular guaranty is not on whether or not it would have allocated its time and client's resources as did plaintiff's counsel, but on whether such fees were in fact "incurred" in furtherance of enforcement of the guaranty. Unlike an award of attorneys' fees in other areas, there simply is no lodestar calculation, and the underlying calculus which goes into that determination, required as the reasonableness of a fee up to 15% is presumed reasonable as a matter of law in this circumstance. Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir.1986) (holding that "[a] proper computation of the lodestar fee will, in the great majority of cases, constitute the 'reasonable fee' contemplated by [Section] 1988.").

The court will allow plaintiff until February 6, 2015, to provide the court with such submission and will allow defendant until March 13, 2015, to file a response. No reply or extensions will be allowed.

### III.    Motion for Judgment NOV

Defendant Griffin has moved for entry of a Judgment notwithstanding the verdict. In Crinkley v. Holiday Inns, Inc., 844 F.2d 156 (4th Cir. 1988), the Court of Appeals for the Fourth Circuit discussed the appropriate standard for a court to consider a Motion for Judgment NOV:

> Under the federal standard, applied alike at trial and on review, the evidence and all reasonable inferences from it are assessed in the light most

favorable to the non-moving party and the credibility of all evidence favoring the non-moving party is assumed. Assessed in this way, the evidence must then be "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict for the non-moving party...." A "mere scintilla of evidence" is not sufficient to withstand the challenge.

Id. at 160 (citations omitted). While Defendant Griffin points to evidence that was certainly favorable to its defense, the evidence of record when viewed in a light most favorable to plaintiff would fully support a reasonable and fair-minded jury in returning a verdict in favor of plaintiff. The evidence presented by plaintiff was not just substantial, it was precisely the type of evidence which would give reasonable jurors a firm basis for finding precisely what this jury found. Defendant Griffin's Motion for Judgment JNOV is denied.

## IV.    Motion for a New Trial

Defendant Griffin has also moved for a new trial. In Poynter v. Ratcliff, 874 F.2d 219 (4th Cir. 1989), the appellate court held, as follows:

[u]nder Rule 59 of the Federal Rules of Civil Procedure, a trial judge may weigh the evidence and consider the credibility of the witnesses and, if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence, and grant a new trial.

Id. at 223. The court has considered the arguments of Defendant Griffin as well as the affidavit of Defendant Jones (the filing of which is considered *infra*) and cannot find the verdict to be against the clear weight of the evidence, based on false evidence, or a miscarriage of justice.

In particular, Defendant Griffin characterizes an affidavit recently submitted by co-Defendant Jones in an adversary proceeding against to be probative on issues surrounding the guaranty and account application, and that such would have been useful in impeaching Mr. Jones when he testified in this case as it shows that Mr. Jones diverted some 8.5 million dollars of

funds supplied by plaintiff to pay overhead. While the court agrees that such affidavit would

have been of some impeachment value, the court does not find that such affidavit points to the

verdict being based on false evidence or that it would have otherwise moved the jury toward a

different result. While such evidence may well point to Mr. Jones misappropriating funds, it

does not undermine plaintiff's evidence that each wire transfer was supported by either purchase

orders for books or confirmation of receipt of books. Such affidavit does not show any

complicity of plaintiff in whatever misconduct such affidavit suggests. Indeed, Defendant

Griffin's own testimony provided that it was he, acting through a series of LLCs and holding

companies, that went into business with Mr. Jones and entrusted him with management of CBR.

Defendant Griffin also bases his motion on errors he perceived in court rulings during

trial and in the jury instructions. While the court cannot claim that its legal and evidentiary

rulings are error free or that the jury instructions were ideal, they were vetted through the zealous

advocacy of all counsel with the jury instructions alone going through at least four revisions.

Even with the benefit of hindsight and a transcript, the court still concludes that its rulings and

instructions were fair for all parties. Indeed, a number of the trial decisions were markedly

favorable for Defendant Griffin, including the allowance of a material modification defense

despite waiver of defenses in the guaranty and, at Defendant Griffin's urging and over plaintiff's

objection, sending that defense to the jury. In the end, a new trial may be based upon the jury

instructions given in the case, "but only where such instructions are erroneous and the error

'seriously prejudiced' the complaining party's case." Dodd v. Auto. Ins. Co. of Hartford, 2007

U.S. Dist. LEXIS 28007, at **3-5 (W.D.N.C. April 16, 2007). While the jury instructions may

well not have been perfect, the errors which Defendant Griffin proposes were made did not

seriously prejudice Defendant Griffin.

Defendant Griffin's Motion for a New Trial will be denied.

**V.      Motion for Leave to Register Judgment in Other Districts**

The court has considered plaintiff's Motion for Leave to Register Judgment in District Courts Outside the Western District.   While any *final* judgment of this court may, upon issuance of a certified copy by the Clerk of Court, be registered in any other federal district without leave of court, plaintiff seeks leave to register the judgment in other districts *before* the judgment has become final.  See 28 U.S.C. § 1963.  Here, the Judgment is not final as the time for filing an appeal has not run due to the filing of certain post-judgment motions.  Fed.R.App.P. 4(a)(4).

In essence, plaintiff's concern is not that Defendant Griffin lacks assets to pay the judgment, but that none of those assets are located in this district.  At the hearing, plaintiff pointed to Defendant Griffin selling certain assets outside this district after the entry of the judgment.  The court understands that by having the ability to register this Judgment outside the district, plaintiff would have the ability to at least maintain the status quo on sales of real property during the pendency of appellate review.  While the court has no basis to believe that Defendant Griffin in any manner sold assets outside this district to protect them from this Judgment, the court knows from its own experience as a litigator that such a potential exists.

Finding that Defendant Griffin does in fact have substantial assets in other districts that could satisfy the judgment, the court will grant plaintiff leave to register the Judgment as entered -- and as it may hereinafter be amended -- in districts outside the Western District of North Carolina. The Clerk of Court is instructed to issue whatever process is necessary in aid of such registration.

**VI.     Motion to Stay Proceedings to Enforce Judgment**

Just as plaintiff seeks leave to register the Judgment, Defendant Griffin has filed a Motion to Stay Proceedings to Enforce a Judgment (#318).  While the court will stay execution of the Judgment until the attorneys' fee motion has been resolved, see Fed.R.Civ.P. 62(b), it will not otherwise stay enforcement efforts, in particular Rule 69(a)(2) efforts to obtain discovery or Section 1963 efforts to register such judgment in other districts.  In so doing, the court has specifically determined that the interests of all parties is best served by segregating execution from other enforcement efforts, which provides plaintiff a reasonable degree of protection while avoiding the requirement of Defendant Griffin securing a costly interim bond.

**VII.     Motion to File Supplemental Document**

Finally, the court has considered Defendant Griffin's Motion for Leave to File Supplemental Document (#349).  For good cause shown the court has accepted such document and has considered Mr. Jones's affidavit as discussed *supra*.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion to Amend Judgment   (#298) is **GRANTED**, and the court will amend the previously entered Judgment to reflect an award of $8,451,630.54 in prejudgment interest, for which Defendant Griffin and Defendant Jones will be held jointly and severally liable.   Such award shall run with interest at the lawful federal Judgment rate, *nunc pro tunc*, from the date the original Judgment was entered.  The court will  hold in abeyance amendment of the Judgment until it completely resolves

the attorneys' fee issue and then enter an Amended Judgment reflecting the jury award, accrued interest, and the attorneys' fee;

(2) plaintiff's Motion for Attorneys' Fees (#301) is **GRANTED** in part as herein provided, but decision as to the amount of the fee is **HELD IN ABEYANCE** pending briefing as discussed above. Due to such motion remaining extant and in accordance with Fed.R.App.P. 4(a)(4)(A)(iii), the court **ENLARGES** the time for all parties to file an appeal under Rule 58(e) until 30 days after final resolution of the Motion for Attorneys' Fees and entry of an Amended Judgment, which the court anticipates will be simultaneous;

(3) Defendant Griffin's Motion for Judgment NOV (#304) is **DENIED**;

(4)  Defendant Griffin's Motion for a New Trial (#306) is **DENIED**;

(5) plaintiff's Motion for Leave to Register Judgment in District Courts Outside the Western District (#314) is **GRANTED**, and the Clerk of Court is instructed to provide plaintiff with all necessary assistance and process in aid of such registration;

(6)  Defendant Griffin's Motion to Stay Proceedings to Enforce a Judgment (#318) is **GRANTED** in part and **DENIED** in part as herein provided; and

(7) Defendant Griffin's Motion for Leave to File Supplemental Document (#349) is **ALLOWED**, and the court deems such document filed without further action.

Signed: January 27, 2015

Max O. Cogburn Jr.
United States District Judge