UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00553-MOC

| | | |
|---|---|---|
| **BAKER & TAYLOR, INC.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DAVID GRIFFIN** | ) | |
| **CHARLES JONES** | ) | |
| **COLLEGE BOOK RENTAL COMPANY, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Attorneys' Fees (#301). After an initial round of briefing, oral arguments were heard on plaintiff's motion on January 7, 2015, and an Order (#357) entered allowing plaintiff's motion, but holding in abeyance determination of amount of attorneys' fees. A second round of briefing was allowed on the amount of fees, focusing on the issue of whether the use of the phrase "which may be incurred" modified Defendant Griffin's obligation under state law, which provides for a flat attorneys' fee of 15 percent. Plaintiff and Defendant Griffin have both filed timely supplements, making the issue ripe for resolution.

At the hearing, the parties discussed whether the language contained in the guaranty modified the statutory obligation under Chapter 6-21.2(2) of the North Carolina General Statutes for a guarantor to pay and for this court to award a 15% attorney's fee. The language of the guaranty provided that the "[g]uarantor agrees to pay all costs, expenses, and fees, including

-1-

reasonable attorney's fees, <u>which may be incurred</u> by Baker & Taylor in enforcing this personal guaranty…" (emphasis added).

In its supplemental pleading, plaintiff has pointed the court to two decisions in which nearly identical language was used in the agreement and the court enforced the statutory provision. <u>See</u> <u>Trull v. Central Carolina Bank & Trust</u>, 124 N.C.App. 486, 490 (1996) *affirmed in part, review dismissed in part* 347 N.C. 262 (1997); <u>Meineke Car Care Centers, Inc. v. RLB Holdings, LLC</u>, 3:08-cv-240, 2010 U.S. Dist. LEXIS 37184, at *7 (W.D.N.C. Mar. 18, 2010). Both courts held that to invoke the statute's automatic application of a 15 percent attorneys' fee, the underlying writing need only contain: (1) evidence of an indebtedness; and (2) a "provision for 'reasonable attorneys' fees.'" As in this case, both writings also contained the phrase "actually incurred."

In <u>Trull</u>, the North Carolina Court of Appeals addressed an argument by the debtor that the creditor should be limited to fees "actually incurred," as follows:

> Plaintiff additionally argues that an award of attorneys' fees to CCB under these circumstances amounts to a windfall, in that the statutory 15% <u>exceeds the actual attorneys' fees incurred by CCB</u>. The promissory note at issue in this case provides for "reasonable attorneys' fees" and is therefore subject to the provisions in G.S. 6-21.2 subsection (2), not subsection (1). Under subsection (1) an award of attorneys' fees must be supported by evidence and findings of fact supporting the reasonableness of the award, however, subsection (2) has predetermined that 15% is a reasonable amount. G.S. 6-21.2(2) expressly provides that when a contract authorizing attorneys' fees does not specify the fee percentage then it shall be construed to mean 15% of the "outstanding balance" owed on the instrument. In this case, the trial court did not err by calculating the fee awarded in accordance with the statutory mandate.

<u>Trull</u>, 124 N.C.App. at 493-494 (emphasis added). As this court "must apply the relevant state law in determining the substantive rights and duties of the parties" in diversity actions, <u>Auer v. Kawasaki Motors Corp., U.S.A.</u>, 830 F.2d 535, 537 (4th Cir.1987) (*en banc*), <u>Trull</u> lends

substantial support to plaintiff's argument that the phrase "which may be incurred" has no impact

on the award of fees under North Carolina law. Further, a learned colleague, Honorable T.S.

Ellis, Senior United States District Judge for the Eastern District of Virginia, had occasion to

address the meaning of "actually incurred" in the context of an award of attorneys' fees under

Virginia law in Airlines Reporting Corp. v. Sarrion Travel, Inc., 846 F.Supp.2d 533 (E.D.Va.

2012). Judge Ellis noted, as follows:

> "Actually incurred" is a past participle phrase being used as an adjective and, as
> such, is not restricted to referencing the past. *See Waag v. Permann (In re
> Permann*), 418 B.R. 373, 379 (BAP 9th Cir.2009) ("As noted in one leading
> grammar treatise, both present and past participles "can be used for referring to
> past present or future time" and the past participle 'signifies 'perfectiveness' or
> completion, but is not restricted to past time.' ") (quoting S. Chalker and E.
> Weiner, *The Oxford Dictionary of English Grammar* at pages 282 and 286–87
> (1994)).

Id. at 539, n. 7. While this court is reminded of another's legal scholar's wisdom -- the late

Honorable H. Brent McKnight -- that "words have meaning," Judge Ellis's decision indicates

that the ordinary meaning of certain words does not always comport with initial impressions of

those words. Indeed, as Judge Ellis determined, the phrase "actually incurred" in the context of

an award of attorneys' fees does not just mean past fees capable of inclusion in a lodestar figure,

see Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243–244 (4th Cir.2009), but

future fees such as for collection of the judgment and defense of this court's Judgment on appeal.

Thus, even where an agreement provides for an award of "attorneys' fees actually incurred," the

phrase encompasses future fees.

If the award of attorneys' fees was governed by Chapter 6-21.2(1), the court would agree

that plaintiff would be limited to recovering its actual lodestar amount; however, plaintiff's

award is governed by Chapter 6-21.2(2), which provides for recovery of a flat 15 percent of the

indebtedness as attorneys' fees. Because it is the statute itself which allows the shifting of the fees, it is the statute itself which sets the amount of the fees. Thus, Chapter 6-21.2(2) operates not as a sword, but as a shield for this debtor. North Carolina law is very clear that where the contract "does not specify the fee percentage then it shall be construed to mean 15% of the outstanding balance owed …." Trull, 124 N.C.App. at 494. Neither North Carolina law nor federal decisions would support an inference that use of the phrase "actually incurred" in any way impacts a Chapter 6-21.2(2) award of attorneys' fees.

Even if this interpretation is wrong, it is readily apparent from its supplemental brief that plaintiff would have little trouble showing a loadstar amount well in excess of 15 percent of the outstanding indebtedness. Further, such interpretation actually works in favor of Defendant Griffin as it is apparent that an award of fees actually incurred would be well in excess of the statutory 15 percent.

As to Defendant Griffin's arguments concerning joint and several liability for any attorneys' fee award, the court will run such award just as it has run liability on the indebtedness, making both defendants jointly and severally liable for the attorneys' fee.

***

As all of the conditions of Chapter 6-21.2(2) have been met and it appearing that the use of the phrase "which may be incurred" in the guaranty does not alter the statutory obligation, the court will award an attorneys' fee of $2,915,279.33.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Attorney's Fees (#301) is **GRANTED** as previously provided in Order (#357) and further **GRANTED** as to the amount of

such award, which the court determines to be $2,915,279.33, for which Defendants Jones and Griffin are jointly and severally liable.

**IT IS FURTHER ORDERED** that the Clerk enter an Amended Judgment to reflect the damages awarded by the Jury in the amount of $18,304,464.47, an award of $8,451,630.54 in prejudgment interest, and an award of attorneys' fees in the amount of $2,915,279.33, for a total award of $29,671,374.30, in favor of plaintiff and against Defendants Jones and Griffin, both jointly and severally, and that such award run with interest at the lawful federal Judgment rate, *nunc pro tunc*, from the date the original Judgment (#294) was entered.

Signed: March 20, 2015

Max O. Cogburn Jr.
United States District Judge